IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. KRAUS, and | : | CIVIL ACTION |
| MARGARET M. KRAUS | : | |
| | : | |
| v. | : | |
| | : | |
| ALCATEL-LUCENT, et al. | : | NO. 18-2119 |

O P I N I O N

JACOB P. HART  DATE: 7/25/2019
UNITED STATES MAGISTRATE JUDGE

In this case, plaintiffs Robert and Margaret Kraus are suing various defendants, including Lockheed Martin Corporation, with regard to damages Robert Kraus suffered from exposure to asbestos, allegedly while serving in the United States Navy on the USS Cambria, or in two General Electric properties where he worked thereafter. Plaintiffs have filed a motion to compel discovery from Lockheed Martin, which was assigned to the undersigned by the Honorable Timothy J. Savage. For the reasons set forth below, Plaintiffs' motion will be granted in part and denied in part.

I.  Applicable Legal Standards

Under Federal Rule of Civil Procedure 37, a party may move for an order compelling disclosure or discovery after conferring, or attempting to confer, with good faith with the opposing party in an attempt to obtain it without court action. F. R. Civ. Pr. 37(a)(1). Such a motion may be filed where a party fails to answer an interrogatory submitted under Rule 33, or fails to either produce documents or permit inspection, as requested under Rule 34. Id. at (a)(3)(B). Evasive or incomplete answers and responses are treated as a failure to answer or respond. Id. at (a)(4).

A party may also seek sanctions from the court where the opposing party has not obeyed a discovery order. Fed. R. Civ. Pr. 37(b)(2)(A). These may include directing that the matters embraced in the order be taken as established for purposes of the action. Id. at 37(b)(2)(A)(i).

II.     Discussion

A.      Discovery Which is the Subject of this Motion

In their six-page Memorandum in support of their Motion to Compel Discovery from Lockheed Martin, Plaintiffs neglect to identify the discovery requests to which they claim Lockheed Martin has not adequately responded. In their proposed Order, however, they propose that the Court direct Lockheed Martin "to provide full and complete answers that respond to the area of inquiry of its acquisition and product lines and premises ownership of the former GE Aerospace discovery and RCA products *particularly* the following interrogatories: 3, 4, 6, 12, 13, 19, 20, 22, 26, 27, 28, 33, 38, 42, 43, and 52; and Requests for Production Nos. 1-14." (Emphasis supplied).

The Court is not able to issue a ruling regarding interrogatories or document requests which have not been identified. Guessing what a moving party wants, and why it wants it, is not a prudent use of judicial resources. Lockheed Martin has referred the Court to Parks, LLC v. Tyson Foods, Inc., where the Honorable Joseph F. Leeson, Jr., wrote: "Necessarily … a party moving to compel another party to respond to a discovery request must direct the Court to the particular discovery request at issue and inform the Court of how the response received to that request – if any – is deficient." Civ. A. No. 15-946, 2015 WL 5042918 at *7 (E.D. Pa. Aug. 26, 2015).

It is not clear that Plaintiffs have met that standard regarding any of its discovery responses from Lockheed Martin.[1] In the interests of expediency, however, I will construe Plaintiffs as having challenged the responses to the interrogatories and document requests named in the Proposed Order, for the reasons set forth in their Memorandum.

As to Lockheed Martin, in its response to Plaintiffs' Interrogatories, it included this as part of its "Preliminary Statement":

> Lockheed Martin is not now, nor has ever been, a miner, miller, importer, distributor, or marketer of raw asbestos fiber, a manufacturer of asbestos-containing thermal insulation products, a member of the asbestos industry as that term is commonly used, nor a member of the trade organizations of the asbestos industry. Lockheed Martin has manufactured whole-end product systems for the United States Navy, pursuant to comprehensive government contracts and according to detailed government-approved specifications: highly complex and sophisticated military aircraft, missiles, weapon system components, communications and electronic equipment, and certain nonmilitary government aerospace assets. Over the course of nearly a century of such activity, Lockheed Martin has assembled or incorporated, for each such end-item, between tens of thousands and millions of individual components and subsystems provided by, or at the direction of, the United States Government … into the end-items that Lockheed Martin has manufactured. An extremely small percentage of those individual components and subsystems have, at some points in time, contained asbestos.

Lockheed Martin's Response to Plaintiffs' Interrogatories at 1-2.

Lockheed Martin is aware that Plaintiffs seek evidence about that "extremely small percentage" of their products. Yet, some of its discovery responses are so elusive as to not provide even the basic information contained in this paragraph, in the form of a discovery response under oath which would be of use in litigation. This is inconsistent with its obligation under Rule 37(a)(4) to respond completely and without evasion to Plaintiffs' discovery requests, so that it can be determined whether there is a case to be made against it or not.

---

[1] In similar circumstances, the Honorable Cynthia M. Rufe wrote: "Defendants do not satisfy Local Rule 26/1(b)'s requirement that every discovery motion set forth the relevant parts of the interrogatory or request at issue by generally asserting that Plaintiffs' production was insufficient as to nearly every request, and by merely attaching the requests and responses." American Fed. of State County and Municipal Employees v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., Civ. A. No. 08-5904, 2010 WL 5186088 at *4 (E.D. Pa. Dec. 21, 2010).

B.    Interrogatories As To Which Answers Were Provided

I have excluded from Lockheed Martin's responses the approximately five pages of objections and commentary which precede each of them, except where specifically noted.

**Interrogatory No. 3:  Please state whether or not you are a corporation.  If so, state:  (a) your correct corporate name; (b) the state of incorporation; (c) the date of your incorporation; (d) the address of your principal place of business; (e) the addresses of any other places of business; (f) whether or not you have ever held a certificate of authority to do business in this state; (g) whether or not you have a registered agent for the purpose of accepting service in this state, and if so, the name and present address of that agent; (h) state your corporate purpose; (i) state whether or not you have or have had subsidiary or predecessor corporation(s) and/or corporations whose liabilities for asbestos you have assumed hereafter predecessor [*sic?*] if so:  (1) the name of each subsidiary and/or predecessor; (2) its date(s) of incorporation, if a corporation of each such corporation (*sic?*); (3) state(s) of incorporation of each such corporation; (4) the corporate purpose of such corporation.**

**Response:  (a) Lockheed Martin Corporation; (b) Maryland; (c) August 29, 1994; (d) 6801 Rockledge Drive, Bethesda MD 20817; (f) Yes; (g) Yes; (h) <u>See</u> Corporate Charter of Lockheed Martin Corporation, [https://www.lockheedmartin.com/en-us/who-we/are/leadership-governance/board-of-directors/corporate-charter.html](https://www.lockheedmartin.com/en-us/who-we/are/leadership-governance/board-of-directors/corporate-charter.html).**

Lockheed Martin ignored subsection (e) of this interrogatory, and did not provide the identity of its registered agent for accepting service in Maryland.  It will be directed to respond to these subsections.  It seems likely, however, that Plaintiffs are most interested in obtaining the response to subsection (i).

Lockheed Martin alludes in its four pages of objections to subsidiary or predecessor corporations which could not have been responsible for Kraus's injuries, because they (a) did not exist, or had not incorporated until after Kraus was last aboard the USS Cambria; (b) they did not have any connection to shipboard electronic equipment; (c) they did not supply equipment to the U.S. Navy; (d) they did not have any connection to the items aboard the USS Cambria contemporaneously with Kraus; or (e) did not have any connection with asbestos-containing products until after Kraus had ceased to serve on the USS Cambria.

4

Lockheed Martin will be directed to answer subsection (i) of this interrogatory, identifying any subsidiary or predecessor which does not fall in any of the categories listed above. If no such subsidiaries or predecessors exist, Lockheed Martin should so state in its answer.

**Interrogatory No. 6: Did you sell raw asbestos or finished asbestos products to the Navy for the Cambria or to the GE plants on Chestnut Street in Philadelphia or Valley Forge during or immediately prior to the periods of employment of plaintiff in the Navy or at GE or asbestos containing parts for RCA televisions? If yes, identify (a) dates of sales; (b) amounts of sales; (c) names of finished asbestos containing products sold; (d) amount of raw asbestos sold; Invoice records can be attached to answer this interrogatory.**

**Response: No.**

As described above, Lockheed Martin has represented that it sold products, including to the Navy, which contained "individual components and subsystems" which contained asbestos. Therefore, an unequivocal negative response is incomplete. Lockheed Martin will be directed to give a complete answer to this interrogatory. If Lockheed Martin does not know some of the requested information, it should so state in its interrogatory answer.

**Interrogatory No. 12: Were you ever advised by any member of the medical profession or other profession such as industrial hygienists occupational hazard professionals or other persons to utilize hazard labels on your products and to give clear and explicit warnings concerning the possibility of cancer, and/or mesothelioma and/or serious illness and diseases but not limited to asbestos [*sic* "asbestosis"?] to those who might use, handle, or be exposed to your asbestos products after they have left your control? Identify this individual or individuals or company, set forth the date of this advice, and attach copies of this advice if written.**

**Response: No.**

Lockheed Martin's response must be construed as an unequivocal negative, since any qualification should have been set forth clearly in the response. Plaintiffs have not come forward with a reason for doubting the accuracy of this response.

5

**Interrogatory No. 13: When, if at all, did you first become aware that airborne dust containing some asbestos fibers might be created in the course of the use of your asbestos products by workers in the electrical industry or electrical or electronic equipment on ships or factory?**

**Response: To the extent that an association may exist between disease in some humans and some exposures of some durations to some types and quantities of asbestos under some conditions and circumstances, Lockheed Martin began to become aware of such possible associations as common understanding in the industry developed.**

This claim of awareness by osmosis is inadequate. Lockheed Martin will be directed to respond more specifically, identifying dates and relevant communications to the best of its ability after a reasonable search.

**Interrogatory No. 22: If you or your insurance carrier have ever paid out money as a result of a court decree or jury verdict against you in a case in which the plaintiff asserted injury resulting from exposure to asbestos products mixed, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, or place[d] in the stream of commerce identify the (a) court in which judgment was entered against you; (b) court docket number; (c) plaintiff's name; (d) plaintiff's attorney's name and address; (e) amount of judgment; (f) date judgment entered; and (g) other defendants against whom judgment was entered.**

**Response: N/A.**

Lockheed Martin will be directed to provide a full answer, setting forth its reason for stating that this interrogatory is "not applicable" to it.

**Interrogatory No. 26: Have you given any warnings to your employees of dangers of illness and/or disease by reason of their use, handling or exposure to asbestos products: If so, state: (a) the date of each such warning; (b) how such warnings were given; (c) if such warnings were oral, state the names and addresses of the person(s) giving and receiving such warnings: (d) if such warnings were written, state: (1) the dates of such warnings; (2) the present location of such warnings; (3) the names and addresses of individuals who prepared such warnings; (4) where and/or how such warnings were posted; (5) the reasons for such warnings; (e) whether or not in the course of such warnings, there was any warning concerning the possibility of contracting the disease known as cancer resulting from the use of or exposure to the asbestos products. In particular, whether there was any warning concerning that type of cancer known as mesothelioma.**

**Response: No.**

Plaintiffs have not explained their basis for challenging the accuracy of this response.

**Interrogatory No. 27:  Were you ever advised by any member of the medical profession or other profession such as industrial hygienists occupational hazard professionals or other persons to utilize hazard labels on your products and to give clear and explicit warnings concerning the possibility of cancer, and/or mesothelioma and/or other serious illnesses and diseases including but not limited to asbestos to those who might use, handle, or be exposed to your asbestos products after they have left your control?  Identify this individual or individuals or company, set forth the date of this advice, and attach copies of this advice if written:**

**Response:  No.**

   Plaintiffs have not explained their basis for challenging the accuracy of this response.

**Interrogatory No. 33:  Have your asbestos products at any time been subjected to: (a) tests or studies by a governmental agency; (b) tests or studies by any independent agency; (c) tests conducted on humans or animals on your behalf or on behalf of any codefendant in this action.  If your answer to any of the subsections (a) through (c) is in the affirmative, for each test or study state: (1) the date it began; (2) the date ended; (3) the procedure of the test or study; (4) the number of man hours spent on it; (5) the place where it was conducted.**

**Response:  No.**


   Plaintiffs have not explained their basis for challenging the accuracy of this response.

**Interrogatory No. 52:  Did or does defendant maintain a medical library?  If so, state:  (a) date established; (b) location; (c) names and addresses of librarians; (d) title, author, and publisher of all journals and books bought or subscribed to during the period of 1930 through 1978; (e) to whom journals in the area of asbestos, industrial hygiene, medicine safety or engineering were distributed.**

**Response:  No.**

   In its objections to this interrogatory, Lockheed Martin wrote:

   Lockheed Martin possesses millions of documents, the great majority of which have no bearing on asbestos or this litigation whatsoever.  These documents are not organized by asbestos or whether or not the products contained asbestos or were used in connection with asbestos.  Lockheed Martin further objects on the basis that it is a large, decentralized company that maintains no library or collection of literature related to the subjects of asbestos, industrial hygiene, medicine, safety and/or occupational disease in any centralized location.  Because it is a large, decentralized company, there is no single "business records custodian" with corporation-wide responsibilities.  Rather, each Lockheed Martin division or facility may have its own records custodian, depending upon the needs of the business and its operations.

7

Plaintiffs have not explained their basis for doubting the accuracy of this response.

C.      <u>Interrogatories As To Which No Answer Was Provided</u>

**Interrogatory No. 4: State whether you, a subsidiary, or your predecessors have at any time directly or indirectly been engaged in the mining, manufacturing, producing, processing, compounding, converting, selling, merchandising, supplying, distributing, and;/or otherwise placing in the stream of commerce of raw asbestos or finished asbestos products or products designed or intended to contain asbestos. If so, be specific in your answer and state or furnish as to each such asbestos product: (a) the trade name, general name and/or other identification of each such asbestos product, raw or finished; (b) the dates during which you mined, manufactured, supplied, distributed, and/or otherwise placed in the stream of commerce each such asbestos product; (c) the intended use of each such asbestos product; (d) a complete description of each such asbestos product including the type of asbestos contained therein and the percentage of asbestos contained in said product; (e) a description of the physical appearance including color of each such asbestos product specifying whether the said product was/is sold in a solid, loose, powdered or other form; (f) identify the location of each plant or facility; (g) set forth for which of the products on plaintiff's alphabetical list of Cambria Electronic (attached) are you responsible for and if any contained asbestos.**

Lockheed Martin's objection that this request is overbroad is meritorious. Plaintiffs are only entitled to information regarding asbestos-containing products to which Kraus may have been exposed, and not to "nearly a century" of Lockheed Martin products. Kraus has alleged that he was exposed to asbestos on the USS Cambria, and in a General Electric building on Chestnut Street in Philadelphia. Third Amended Complaint at ¶ 6c. As described above, Lockheed Martin acknowledges the existence of products with asbestos components. However, only those Lockheed Martin products which Kraus could have encountered in those places are relevant to this action.

Nevertheless, limiting the request to products to which the evidence – at this stage – shows Kraus was exposed (as Lockheed Martin seems to suggest) is unduly narrow, given the broad scope of discovery permitted by the Federal Rules.[2] It would also involve this court in an interpretation of the evidence which is inappropriate at this stage.

Lockheed Martin will be directed to provide documents responsive to this request, but only in so far as the information requested pertains to asbestos-containing products set forth on the lists Plaintiffs have compiled and referred to as "Alphabetic List Cambria Electronic Equipt"; or to any other asbestos-containing product Lockheed Martin knows to have been present on U.S. Navy ships between 1964 and 1967, the years during which Kraus served on the USS Cambria. Complaint, supra.

**Interrogatory 19: State whether you have received any workmen's compensation claim for injury, occupational disease, or death, to any of your employees or to any persons working as independent contractors for you, or under your direction or to any persons in "contract units" operated by you or your subsidiaries or divisions or to any persons hired on an occasional basis by your agents, employees or directors, in the course of work activity performed by the aforementioned "contract unit" for the following diseases: asbestosis, emphysema, chronic bronchitis, pulmonary fibrosis dyspnea, carcinoma of the lungs, or mesothelioma. In answering this question confine your answer to workers who were occupationally exposed to asbestos products by their using, handling, fabrication, installing, removing, mixing, butting, packing or transporting products containing any percentage whatsoever of asbestos whether raw or finished and whether made by you or made by some other company but used, handled modified, installed, removed, mixed, cut, packed or transported by the person or persons making the workmen's compensation claim for injury or unit managers or contract unit occasional workers independently contracted for. If there have been any workman's compensation claims within the above-described criteria between the years 1930 and 1978, state: (a) the date you received notice of the claim; (b) the identity of the person making the claim; or on whose behalf the claim was made; (c) the specific disease or illness complained of. In particular, all complaints of: asbestosis, emphysema, chronic bronchitis, pulmonary fibrosis, dyspnea, carcinoma of the lungs and mesothelioma; (d) the name of any physician or nurse who made any notes on the claim or who inscribed any words whatsoever on any document, paper, letter, book, or record pertaining to the evaluation of the facts and/or the merit and/or the medical workup**

---

[2] Federal Rule of Civil Procedure 26(b) states that, unless otherwise limited by court order, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

of the claim filed; (e) a brief summary of the substance of the written materials mentioned in section (d); (f) the present location(s) of the documents, medical or otherwise, relevant to the claim filed, if any, specific [*sic "specified"?*] in section(a); (g) An index to the claim files, if any specified in section (a) showing how, if at all, they are broken down by the defendant in the ordinary course of the defendant's business activity (i.e. by geographical region, by plant, by profit center, by disease, by injury, by level of compensation demanded, by estimate on the eventual payment that will be required on the claim, by worker's name or number, by contract unit, by date, or in any other way that the defendant as a practical matter in the ordinary course of defendant's business actually breaks down and indexes the claims of the kind specified for the purpose of defendant's own internal filing and record keeping; (h) the state or federal agency or agencies which would in the ordinary course of defendant's business and in the ordinary course of the state and federal government's business receive notice of the claim; (i) the indexing or filing system used by those agencies in the respective states or in the respective federal agencies; (j) the records retention policies concerning claims of the kinds specified in this interrogatory of the defendant, and of any state agencies of which the defendant has knowledge in states where the defendant does business, and to which the defendant supplies information concerning claims of any kind.  Also include any federal agencies which would receive notice directly or in the defendant's knowledge indirectly as a matter of the ordinary business of the federal government concerning claims of the aforementioned kind; (k) the disposition of said claim(s) including any benefits paid or settlements reached or moneys voluntarily paid by your insurers, if any; (l) the last known address of the attorney representing the claimant, if any.**

I agree with Lockheed Martin that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, since Kraus has not alleged that he was ever a Lockheed Martin employee or worked at a Lockheed Martin facility.

**Interrogatory No. 20:  Have you ever been named as a party in any action for workmen's compensation benefits for injury, occupational disease, or death by any of your employees or their estates, or by any persons working as independent contractors for you or under your direction or their estates, or by any directors, manager, or persons involved on a casual labor or occasional worker independently contracted for basis in "contract units" operated by your or their estates where the disease, injury or death was asserted by the Plaintiff an/or claimant in the action to be based in while or in part on the diseases: asbestosis, emphysema, chronic bronchitis, pulmonary fibrosis, dyspnea, carcinoma of the lungs, or mesothelioma and where the plaintiff and/or claimant in the course of his work experience used, handled, fabricated, installed, removed, mixed, cut, packed or transported asbestos products containing any percentage whatsoever of asbestos?  If so, state as to each claim:  (a) the identity of the plaintiff and/or claimant and the disease(s) or injury(s) on which the action was premised; (b) the date it was filed; (c) the name and address of the court, agency or administrative body in which was filed; (d); the term and/or number of the action; (e) the identity of the claimant's attorney; (f) the identity of the claimant's physician; (g) the identity of your physician and/or expert witnesses; (h) the disposition of

**the action including any moneys paid voluntarily or by agreement or in settlement by you or by your insurance carrier.**

I agree with Lockheed Martin that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, since Kraus has not alleged that he was ever a Lockheed Martin employee or worked at a Lockheed Martin facility.

**Interrogatory No. 28: The identification and location of all technical documents or any documents pertinent to the Electronic Equipment in Plaintiffs' exhibit captioned alphabetic list Cambria Electronic Equipment and any component thereof and including, without limitation, all circuit diagrams, parts lists, schematic diagrams, physical diagrams, mechanical and operational specifications, and training manuals describing locations of and/or use of asbestos in said listed type or style of electronic equipment.**

This interrogatory does not, as Lockheed Martin claims, call upon it to search and investigate nearly a century of its technical documents. It calls upon it to search and investigate only those documents relevant to the electronic equipment identified in Plaintiff's Cambria Electronic Equipment list. As stated above, to limit the interrogatory only to equipment as to which Kraus was known to have been exposed at this point is too narrow a scope of discovery.

Further, although Lockheed Martin objects that there was no list of equipment attached to Plaintiffs' discovery requests, it does appear to know what Plaintiffs are referring to as their "Cambria Equipment List."

Lockheed Martin will be directed to answer this interrogatory. Obviously, regarding items on the Cambria Electronic Equipment list to which Lockheed Martin has no connection at all, no search is required. However, Lockheed Martin should identify those items in its answer and set forth its position as to these items. To the extent that some of this information may have been provided in response to other discovery requests, Lockheed Martin should specifically so state in its answer, naming the other discovery request.

**Interrogatory No. 38: Did you or a predecessor or subsidiary supply the equipment manual itself or any asbestos-containing components for any of the equipment listed in the document marked 190415 alphabetic list electronic equip attached hereto either as original equipment or as replacement part provide or design service requiring asbestos in that equipment. If so, list:** [Plaintiffs' Exhibit M does not set forth the rest of this interrogatory].

Lockheed Martin will be directed to answer this interrogatory, to the extent that it is intelligible. Again, to the extent that some of this information may have been provided in response to other interrogatories, Lockheed Martin should specifically so state in its answer, referencing the other interrogatory by number.

**Interrogatory No. 42: Where are the documents related to the equipment [as] to which you admit liability stored or maintained?**

I will direct Lockheed Martin to answer this interrogatory with respect to any equipment as to which it does concede liability; if there is no such equipment, Lockheed Martin should so state in its interrogatory answer.

**Interrogatory No. 43: Do you have a medical department that performs occupational studies or reviews of workers' health? If so, describe: (a) how long in existence; (b) names of those who have led that department since 1930; (c) any reports or warnings provided to you by that department as to the effects of asbestos exposure; (d) current address of that person or those persons referred to in (b) supra.**

Lockheed Martin will be directed to provide a full and complete answer to this interrogatory. I do not find that any of its objections are meritorious.

D.  Requests for Production of Documents

Plaintiffs served upon Lockheed Martin fourteen requests for production of documents. Defendant Lockheed Martin Corporation's Responses to Plaintiffs' Requests for Production, attached to Lockheed Martin's Response as Exhibit H. Lockheed Martin answered ten requests by stating that it had not located responsive documents; objected to two; and agreed to produce documents responsive to two requests.

Plaintiffs have submitted a proposed order directing Lockheed Martin to produce documents in response to all fourteen requests for documents. However, in their motion, they mention only Requests 2, 3, 4 and 6. These are the only requests I will address. As discussed above, this Court will not rule regarding unidentified discovery requests.

**Request for Production No. 2: All documents which evidence your relation to the following Navy products: AN/GRC 27, AN/SPS-40, AN/SRC-12, AN/SRC-144, AN/SRT-15, AN/GRC 27A, AN/SRC-11Y, AN/SRC112Y, AN/SRR-13A, AN/SRT-16, AN/SRT-14 or to the buildings, records and business of GE Aerospace.**

**Response: Upon diligent search and reasonable inquiry, Lockheed Martin has not located responsive documents regarding U.S. Navy electronic equipment with the following JETDS type designations: AN/GRC 27, AN/SPS-40, AN/SRC-12, AN/SRC-144, AN/SRT-15, AN/GRC 27A, AN/SRC-11Y, AN/SRC112Y, AN/SRR-13A, AN/SRT-16, AN/SRT-14.**

Plaintiffs ask this Court to compel production as to "the buildings, records and business of GE Aerospace."

Lockheed Martin's refusal to respond to this request appears to rely upon its understanding of the evidence regarding Kraus's exposure to asbestos. However, it wrongly states that Kraus has admitted that he was not exposed to asbestos at "either of GE's facilities." In fact, he continues to allege that he was exposed to asbestos at GE's building at 32nd and Chestnut Streets in Philadelphia. Third Amended Complaint at ¶6(c); Plaintiff's Work History Affidavit of February 7, 2019, attached to Response as Exhibit CC. Lockheed Martin will be directed to respond to this request as it pertains to GE's Chestnut Street building.

**Request for Production No. 3: All documents which show you or your predecessor(s) sold any of the products listed in No. 2 supra to the Navy and/or for the US Cambria or to GE Aerospace units at 32nd and Chestnut, Philadelphia, or Valley Forge, PA, or Syracuse, NY.**

**Response: Upon diligent search and reasonable inquiry, Lockheed Martin has not located responsive documents regarding U.S. Navy electronic equipment with the following JETDS type designations: AN/GRC 27, AN/SRC-12, AN/SRC-144, AN/SRT-15, AN/GRC 27A, AN/SRC-11Y, AN/SRC112Y, AN/SRR-13A, AN/SRT-16, AN/SRT-14.**

Plaintiffs complain that Lockheed Martin has not answered this request "as to the former GE facilities or disclosed where documents concerning the specific products were located."

To the extent that Lockheed Martin has asserted that it has not located responsive documents, there can be no meaningful answer as to where the non-existent documents were located. However, Lockheed Martin will be directed to respond to this request as it pertains to GE's Chestnut Street Building.

**Request for Production No. 4: All documents which show you or your predecessor sold replacement parts to the Navy and/or for the USS Cambria or to GE Aerospace.**

**Response: Upon diligent search and reasonable inquiry, Lockheed Martin has not located responsive documents regarding U.S. Navy electronic equipment with the following JETDS type designations: AN/GRC 27, AN/SRC-12, AN/SRC-144, AN/SRT-15, AN/GRC 27A, AN/SRC-11Y, AN/SRC112Y, AN/SRR-13A, AN/SRT-16, AN/SRT-14.**

Plaintiffs ask the Court to compel production as to it pertains to SPS-40.

Lockheed Martin will be directed to produce all relevant documents pertaining to SPS-40. I have said that it is unduly restrictive to limit discovery to equipment to which the evidence now shows that Kraus was exposed.

**Request for Production No. 6: All documents which reference asbestos content in any of the products listed in No. 2 supra or in components listed in No. 4 supra or No. 5 supra.**

**Response: Upon diligent search and reasonable inquiry, Lockheed Martin has not located responsive documents regarding U.S. Navy electronic equipment with the following JETDS type designations: AN/GRC 27, AN/SRC-12, AN/SRC-144, AN/SRT-15, AN/GRC 27A, AN/SRC-11Y, AN/SRC112Y, AN/SRR-13A, AN/SRT-16, AN/SRT-14.**

Plaintiffs ask the Court to compel production as it pertains to SPS-40 or "the buildings."

I will direct Lockheed Martin to provide responsive documents pertaining to SPS-40, and the GE Building at 32nd and Chestnut Streets, in Philadelphia.

E.  The Relief Sought

Plaintiffs have entitled their motion "Motion to Compel Discovery From Lockheed Martin and to Determine Liability from Exposures to Products and in Premises of Former GE Aerospace Division."  Their proposed order includes language by which the Court would "determine[] that _____ is responsible for injuries due to asbestos from GE Aerospace division products including the liability under Tooey v. A.K. Steel as an employer."

Leaving aside the fact that Plaintiffs have left a blank in the order, apparently inviting the court to fill it in any way it chooses, it should be fairly obvious that a motion to compel discovery is not a vehicle for determining issues of liability.  Matters may be deemed established for the purposes of an action a relief for a failure to comply with a court order, under Fed. R. Civ. Pr. 37(b)(2)(A), but sanctions cannot be sought in an initial motion to compel discovery.

III.  Conclusion

For the reasons set forth above, I will enter an Order of this same date, granting Plaintiffs' Motion to Compel Discovery in part, and denying it in part, in accordance with the above Opinion.

BY THE COURT:


/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

15