IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT J. KRAUS, and : CIVIL ACTION
MARGARET M. KRAUS :
:
v. :
:
ALCATEL-LUCENT, et al. : NO. 18-2119

O P I N I O N

JACOB P. HART							DATE: 11/19/2019
UNITED STATES MAGISTRATE JUDGE

In this case, plaintiffs Robert and Margaret Kraus are suing various defendants, including Space Systems/Loral, LLC ("SSL") with regard to damages Robert Kraus suffered from exposure to asbestos. All discovery in this case was assigned to the undersigned by the Honorable Timothy J. Savage. Plaintiffs have now filed a motion to compel more specific answers from SSL. For the reasons set forth below, Plaintiffs' motion will be denied.

I.	Applicable Legal Standards

Under Federal Rule of Civil Procedure 37, a party may move for an order compelling disclosure or discovery after conferring, or attempting to confer, with good faith with the opposing party in an attempt to obtain it without court action. F. R. Civ. Pr. 37(a)(1). Such a motion may be filed where a party fails to answer an interrogatory submitted under Rule 33, or fails to either produce documents or permit inspection, as requested under Rule 34. Id. at (a)(3)(B). Evasive or incomplete answers and responses are treated as a failure to answer or respond. Id. at (a)(4).

A party may also seek sanctions from the court where the opposing party has not obeyed a discovery order. Fed. R. Civ. Pr. 37(b)(2)(A). These may include directing that the matters embraced in the order be taken as established for purposes of the action. Id. at 37(b)(2)(A)(i).

II.  Factual and Procedural Background

On July 22, 2019, the undersigned entered an Opinion and Order granting in part and denying in part Plaintiffs' original motion to compel discovery from SSL. Opinion and Order docketed in this matter as Documents 343 and 344. SSL was directed to provide further responses to certain interrogatories, including Interrogatory No. 3. In their present motion, Plaintiffs argue that SSL's supplemental response to subsection (i) of Interrogatory No. 3 was inadequate, and seek an order compelling further response.

III.  Discussion

**Interrogatory No. 3: Please state whether or not you are a corporation. If so, state: (a) your correct corporate name; (b) the state of incorporation; (c) the date of your incorporation; (d) the address of your principal place of business; (e) the addresses of any other places of business; (f) whether or not you have ever held a certificate of authority to do business in this state; (g) whether or not you have a registered agent for the purpose of accepting service in this state, and if so, the name and present address of that agent; (h) state your corporate purpose; (i) state whether or not you have or have had subsidiary or predecessor corporation(s) and/or corporations whose liabilities for asbestos you have assumed hereafter predecessor [*sic?*] if so: (1) the name of each subsidiary and/or predecessor; (2) its date(s) of incorporation, if a corporation of each such corporation [*sic?*]; (3) state(s) of incorporation of each such corporation; (4) the corporate purpose of such corporation.**

**Supplemental Response to subsection (i):** SSL does not and has not had a subsidiary or predecessor corporation, and/or corporations, whose liabilities for asbestos SSL has assumed.

Plaintiff seeks an Order from this Court directing SSL to file a second supplemental answer "setting forth its position on its liability, if any, for products of Philco or Philco-Ford." Plaintiffs' Proposed Order goes on to state:

> It shall set forth which product lines and parts or divisions of Philco it acquired whether it retained liability for those products or divisions and which product lines, parts or divisions it transferred to others. It should set forth to whom products lines or divisions including liability, records or both were transferred. It shall specifically answer as to the following products present on the USS Cambria during plaintiff's service: AN/SRC 10-18; AN/SRT 14-16.

It is quite clear that Interrogatory No. 3 did not request any of the information Plaintiffs now ask me to direct SSL to provide. Conceivably, this is an attempt by Plaintiffs to smuggle follow-up interrogatories into a discovery motion. In any event, SSL's supplemental response directly addressed Interrogatory No. 3 as it was phrased (and as it was intelligible, despite typographical errors). Plaintiffs' motion will therefore be denied.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE