IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. KRAUS, and<br>MARGARET M. KRAUS | : | CIVIL ACTION |
| v. | : | |
| ALCATEL-LUCENT, et al. | : | NO. 18-2119 |

O P I N I O N

JACOB P. HART                                                            DATE: 11/20/2019
UNITED STATES MAGISTRATE JUDGE

In this case, plaintiffs Robert and Margaret Kraus are suing various defendants, including Lockheed Martin Corporation ("Lockheed Martin") with regard to damages Robert Kraus suffered from exposure to asbestos. All discovery in this case was assigned to the undersigned by the Honorable Timothy J. Savage. Plaintiffs have now filed a motion to compel more specific answers from Lockheed Martin. For the reasons set forth below, Plaintiffs' motion will be granted in part and denied in part.

I.     Applicable Legal Standards

Under Federal Rule of Civil Procedure 37, a party may move for an order compelling disclosure or discovery after conferring, or attempting to confer, with good faith with the opposing party in an attempt to obtain it without court action. F. R. Civ. Pr. 37(a)(1). Such a motion may be filed where a party fails to answer an interrogatory submitted under Rule 33, or fails to either produce documents or permit inspection, as requested under Rule 34. Id. at (a)(3)(B). Evasive or incomplete answers and responses are treated as a failure to answer or respond. Id. at (a)(4).

A party may also seek sanctions from the court where the opposing party has not obeyed a discovery order. Fed. R. Civ. Pr. 37(b)(2)(A). These may include directing that the matters embraced in the order be taken as established for purposes of the action. Id. at 37(b)(2)(A)(i).

II. Factual and Procedural Background

On July 25, 2019, the undersigned entered an Opinion and Order granting in part and denying in part Plaintiffs' original motion to compel discovery from Lockheed Martin. Opinion and Order docketed in this matter as Documents 356 and 357. In their present motion, Plaintiffs argue that SSL's supplemental responses to a number of interrogatories and requests for production of documents were inadequate, and seek an order compelling further response.

III. Discussion

Most of Lockheed Martin's supplemental responses are adequate. There is one exception to this.

A. Interrogatory No. 3(i)

**(3)(i) State whether or not you have or have had subsidiary or predecessor corporation(s), and/or corporations whose liabilities for asbestos you have assumed hereafter predecessor** (*sic* ("hereafter, 'predecessor'")) **if so:**

**(1) The name of each such subsidiary and/or predecessor;**
**(2) Its date(s) of incorporation, if a corporation of each such corporation;**
**(3) State(s) of incorporation of each such corporation;**
**(4) The corporate purpose of each such corporation**.

Lockheed Martin originally ignored this interrogatory section altogether. In its supplemental responses, it has stated:

**No; Lockheed Martin does not have and has not had subsidiary or predecessor corporation(s), and/or corporations whose liabilities for asbestos Lockheed Martin has assumed hereafter predecessor because Lockheed Martin did not have any connection to the items aboard the USS Cambria contemporaneously with Kraus.**

This is a non-sequitur. Lockheed Martin could have no "connection to the items aboard the USS Cambria contemporaneously with Kraus," and at the same time have a subsidiary or a predecessor whose liability for asbestos it had assumed. I will therefore direct Lockheed Martin to respond to the interrogatory as written, indicating whether it has, or has had, such a subsidiary or predecessor, and providing the requested information as to each such.

Nevertheless, to avoid requiring Lockheed Martin to disclose irrelevant material, I will limit Lockheed Martin's response to subsidiaries or predecessors from which it assumed liability for asbestos used in products sold to, or used by, the United States Navy prior to 1967, the year which Plaintiffs have identified as the year when Mr. Kraus ended his military service aboard the USS Cambria.

BY THE COURT:

/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE