IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. KRAUS, and<br>MARGARET M. KRAUS | : | CIVIL ACTION |
| v. | : | |
| ALCATEL-LUCENT, et al. | : | NO. 18-2119 |

O P I N I O N

JACOB P. HART  DATE: 1/7/2020
UNITED STATES MAGISTRATE JUDGE

In this case, plaintiffs Robert and Margaret Kraus are suing various defendants, including Gould Electronics, Inc. ("Gould") and NavCom Defense Electronics, Inc. ("NavCom") with regard to damages Robert Kraus suffered from exposure to asbestos. All discovery in this case was assigned to the undersigned by the Honorable Timothy J. Savage. Plaintiffs have now filed a motion encaptioned Motion for Determination of Responsibility Between Gould and NavCom for Former Hoffman Products. For the reasons set forth below, Plaintiffs' motion will be denied.

I.  Discussion

Plaintiffs explain in their motion their position that the USS Cambria, the ship upon which Mr. Kraus worked, had on board potentially asbestos-containing products manufactured by a company they call Hoffman Radio. They further maintain, "upon information and belief", that Hoffman Radio was a predecessor of Hoffman Electric, and that Hoffman Electric was acquired by Gould. Apparently, Gould "spun off" the former Hoffman "interests" to NavCom.

In a motion accompanied by a two-page memorandum of law, Plaintiffs ask this Court to "determine liability/responsibility for the Hoffman products between Gould and NavCom" regarding the products which they believe were on the USS Cambria. Plaintiffs' Memorandum of Law at page 2.

Plaintiffs have not cited any law whatsoever. Nor have they quoted anything from the almost 200 pages of exhibits attached to their motion. They have not cited the exhibits except to establish the background facts set forth in the first paragraph of this discussion. They have not even cited any law supporting their right to relief in a motion which seeks to determine a matter between two parties who have not sought assistance from the Court.

In a response which Gould has joined, NavCom argues that Plaintiffs are not entitled to the determination which they ask this Court to make. Without unnecessarily delving into legal areas which Plaintiffs have left untouched, it is plain that any movant must convince a court that it is entitled to the relief sought. Plaintiffs clearly have not done this in their two-page, argument-free, legal brief. For that reason, this motion will be denied.

II. Conclusion

In accordance with the above discussion, Plaintiffs' Motion to for Determination of Responsibility Between Gould and NavCom for Former Hoffman Products will be denied.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE