IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. KRAUS and<br>MARGARET M. KRAUS, h/w<br><br>    v.<br><br>ALCATEL-LUCENT, ALLEN-BRADLEY COMPANY, AMETEK, INC., BBC BROWN BOVERI, k/n/a ABB, Inc., BELDEN WIRE & CABLE COMPANY, LLC, CBS CORPORATION, formerly known as Westinghouse Electric Corporation, CLARK CONTROLLER CO., ESPEY MANUFACTURING & ELECTRONICS CORP., FORD MOTOR CO., GENERAL DYNAMICS, GENERAL ELECTRIC COMPANY, GOULD ELECTRONICS, INC., GTE PRODUCTS OF CONNECTICUT CORPORATION, HONEYWELL INTERNATIONAL, HONEYWELL, INC., IMO INDUSTRIES, INC., formerly known as DeLaval Steam Turbine Company, ITT INDUSTRIES, L-3 COMMUNICATIONS, LOCKHEED MARTIN CORPORATION SERVICE COMPANY, METROPOLITAN LIFE INSURANCE CO., MINNESOTA MINING AND MANUFACTURING, MOTOROLA SOLUTIONS, NAVCOM DEFENSE ELECTRONICS, NORTHROP GRUMMAN NORDEN SYSTEMS, NORTHROP GRUMMAN CORPORATION, PHILIPS NORTH AMERICA, LLC, RAYTHEON, ROCKBESTOS CO., ROCKWELL COLLINS, INC., ROGERS CORPORATION, SPACE SYSTEMS/ LORAL, SQUARE D COMPANY, UNISYS and UNITED TECHNOLOGIES | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. 18-2119 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                        February 27, 2020

Moving to dismiss this asbestos action for lack of personal jurisdiction under

Federal Rule of Civil Procedure 12(b)(2), defendant Northrop Grumman Corporation ("Northrop"), a Delaware corporation with its principal place of business in Virginia,[1] contends that the plaintiffs, Robert and Margaret Kraus, have not alleged sufficient facts establishing the existence of general or specific jurisdiction over it. Northrop argues that Pennsylvania's consent-by-registration statute is unconstitutional and cannot support the exercise of general jurisdiction. Even if valid, it contends, neither Northrop nor its predecessors were registered at the time Robert Kraus ("Kraus")[2] was exposed to Northrop's products in Pennsylvania.[3]

The plaintiffs contend that there is general jurisdiction over Northrop because it and its predecessors-in-interest consented to jurisdiction when they registered to do business in Pennsylvania as foreign corporations.

We conclude that Pennsylvania's consent-by-registration statute is constitutional, and that consent jurisdiction arises at the time the suit is filed, not when the causes of action arose. Thus, the plaintiffs have met their burden of establishing the existence of personal jurisdiction over Northrop.

**Background**

According to the fourth amended complaint, Kraus was exposed to asbestos during his service in the Navy aboard the *U.S.S. Cambria* and later when working at General Electric. From July 1964 through May 1967, Kraus, as the electronics officer and subsequently the communications officer on the *Cambria*, worked in close proximity to

---

[1] Northrop's Mot. to Dismiss Pls.' Fourth Am. Compl. ("Mot. to Dismiss") (Doc. No. 340) at 2.

[2] Margaret Kraus brings a consortium claim only. All references to Kraus are to Robert Kraus.

[3] Because we find that the plaintiffs have carried their burden of establishing a *prima facie* case of general jurisdiction, we do not address Northrop's argument that there is no specific jurisdiction.

asbestos-containing electronic equipment. Kraus alleges that during the *Cambria*'s equipment overhaul at the Philadelphia Naval Shipyard in 1965, he supervised the repair of electronic and radio equipment containing asbestos.[4]

Kraus contends that he was exposed to asbestos dust from three products manufactured by Northrop's predecessors-in-interest, The Hallicrafters Co. and Litton Industries: the AM/1365-URT (Hallicrafters), AN/ULQ-6A (Hallicrafters) and AN/UPX-1 (Litton).[5] He alleges that Hallicrafters manufactured the AM-1365/URT specifically for installation on and delivery to the *Cambria* during its 1965 repair in Philadelphia. With respect to the AN/ULQ-6A and AN/UPX-1, although installed on the *Cambria* in Virginia in 1963, he contends that they remained on the ship during the 1965 overhaul.[6]

In support of his claim that Hallicrafters is Northrop's predecessor-in-interest, Kraus cites a Wikipedia page[7] stating that Hallicrafters was "sold . . . to the Northrop Corporation" in 1966. To show that Litton is Northrop's predecessor-in-interest, he cites

---

[4] Fourth Am. Compl. (Doc. No. 300) ¶ 6(a); Pls.' Answer to Northrop's Mot. to Dismiss (Doc. No. 363) at 2-3.

[5] Fourth Am. Compl. (Doc. No. 300) ¶¶ 8(s), (x); Pls.' Answer to Northrop's Mot. to Dismiss (Doc. No. 363) at 3.

[6] Pls.' Answer to Northrop's Mot. to Dismiss (Doc. No. 363) at 3-4.

[7] Most federal courts who have considered the issue view Wikipedia as unreliable evidence. *See, e.g., United States v. Lawson*, 677 F.3d 629, 650, 651 (4th Cir. 2012) ("Given the open-access nature of Wikipedia, the danger in relying on a Wikipedia entry is obvious and real"); *Badasa v. Mukasey*, 540 F.3d 909, 910 (8th Cir. 2008) (finding Wikipedia was not a sufficiently reliable source on which to rest a determination of asylum); *Esposito v. Las Vegas Sands Corp.*, No. CV 17-2936, 2018 WL 1010627, at *3 n.4 (E.D. Pa. Feb. 21, 2018) (describing Wikipedia article as an "inherently unreliable" source of information). The Pennsylvania Superior Court, which has noted that some federal courts disapprove of citation to Wikipedia, agrees. *See Rourke v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 95 n.4 (Pa. Super. Ct. 2015) ("Although our Supreme Court has not commented on the subject, we generally look at arguments involving citations to Wikipedia with skepticism.").

3

a Wikipedia page that indicates it was "bought" by Northrop in 2001.[8] The reliability of Wikipedia aside, Northrop does not dispute the company history.[9]

Northrop registered to do business in Pennsylvania as a foreign corporation on March 19, 1996.[10] Hallicrafters and Litton registered to do business in Pennsylvania in 1966.[11]

## Personal Jurisdiction Standards

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts establishing a basis for the exercise of jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330, 336 (3d Cir. 2009) (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). In considering a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), as we do with a motion to dismiss for failure to state a claim under Rule 12(b)(6), we accept as true the plaintiff's allegations and draw all reasonable inferences in favor of the plaintiff. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)). However, unlike with Rule 12(b)(6), the scope of review under Rule 12(b)(2) is

---

[8] Pls.' Answer to Mot. to Dismiss (Doc. No. 363) at 3 & Exs. K and L.

[9] Although Northrop does not concede that Hallicrafters and Litton are its predecessors-in-interest and refers to them as its "alleged" predecessors, *see* Northrop's Reply in Support of Mot. to Dismiss (Doc. No. 370) at 3, it does not refute Kraus's allegations with any contrary evidence.

[10] Mot. to Dismiss (Doc. No. 340) at 6-7 & Ex. "C."

[11] Pls.' Answer to Mot. to Dismiss (Doc. No. 363) at 4, 6; Northrop's Reply in Support of Mot. to Dismiss (Doc. No. 370) at 7. In a subsequent reply to Northrop's motion, the plaintiffs make the unsupported allegation that Northrop's predecessors were registered to do business in Pennsylvania at least one year earlier, during the *Cambria*'s 1965 equipment overhaul. *See* Pls.' Second Response to Northrop's Mot. to Dismiss (Doc. No. 378) at ECF 2. Nevertheless, because the plaintiffs argue that whether the entity registered before or after the exposure is not relevant to a finding of consent jurisdiction, *see id.*, we need not consider this revised date.

4

not limited to the face of the pleadings. *Patterson by Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citation omitted) (holding Rule 12(b)(2) motion is "inherently a matter which requires resolution of factual issues outside the pleadings"). Once a defendant challenges personal jurisdiction, the plaintiff must "prove by affidavits or other competent evidence" that jurisdiction is proper. *Metcalfe*, 566 F.3d at 330 (citation omitted).

When the parties do not conduct jurisdictional discovery and there is no evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Shuker*, 885 F.3d at 780. To determine whether the plaintiff has made this *prima facie* showing, we assume all factual allegations in the affidavits and other evidence submitted to be true and construe all factual disputes in the plaintiff's favor. *Metcalfe*, 566 F.3d at 331, 333.

There are two types of personal jurisdiction, general and specific. The focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the claims to the forum. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The specific jurisdiction inquiry focuses on the relationship of the litigation to the defendant's contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Before exercising personal jurisdiction over a nonresident, a district court must conduct a two-step analysis. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). First, there must be a statutory basis under the law of the forum state for exercising jurisdiction. *Walden*, 571 U.S. at 283 (citing *Daimler AG v.*

*Bowman*, 571 U.S. 117, 125 (2014)); Fed. R. Civ. P. 4(k)(1)(A). Second, the nonresident must have sufficient minimum contacts with the forum state to satisfy constitutional due process. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

*Statutory Basis for Jurisdiction*

Pennsylvania's long-arm statute supplies several bases for the exercise of general personal jurisdiction over a nonresident defendant. 42 Pa. C.S. § 5301. It provides for general jurisdiction over a corporation that was incorporated as a Pennsylvania entity, is a foreign company registered to do business in Pennsylvania, consents to suit, or carries on "a continuous and systematic part" of its business in Pennsylvania. *Id.* § 5301(a)(2)(i)–(iii).[12] The plaintiffs contend that the registration of Northrop and its predecessors-in-interest to do business as foreign corporations in Pennsylvania supplies a basis to exercise general personal jurisdiction over it. *See id.* § 5301(a)(2)(i).

*Minimum Contacts with Pennsylvania*

A statutory basis for the exercise of personal jurisdiction alone is not sufficient. The exercise of jurisdiction must also be consistent with the limits imposed by the Due Process Clause of the Fourteenth Amendment. *Walden*, 571 U.S. at 283 (citing *Daimler*, 571 U.S. at 125). To meet this standard, the plaintiff must establish that "certain minimum contacts" exist between the nonresident defendant and the forum so that the exercise of jurisdiction will "not offend 'traditional notions of fair play and substantial justice.'" *Tyrrell*, 137 S. Ct. at 1558 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

---

[12] When personal jurisdiction is premised on this section of the Pennsylvania long-arm statute, any cause of action may be asserted against the defendant whether or not it arises from acts forming the basis of jurisdiction. 42 Pa. C.S. § 5301(b).

General jurisdiction over a foreign corporation can be established in several ways. It exists where its "affiliations with the [forum] State are so 'continuous and systematic' as to render [it] essentially at home" there. *Tyrrell*, 137 S. Ct. at 1558 (quoting *Daimler*, 571 U.S. at 127). Jurisdiction can also be established through consent. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982)). A foreign corporation that registers to do business in Pennsylvania "has consented to the jurisdiction of Pennsylvania courts." *Sciortino v. Jarden, Inc.*, 395 F. Supp. 3d 429, 438 (E.D. Pa. 2019) (citing *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991)).

**Analysis**

Relying on section 5301(a)(2)(i) of Pennsylvania's long-arm statute, which is referred to as a "consent-by-registration" statute, the plaintiffs contend that there is general personal jurisdiction over Northrop because it and its predecessors-in-interest consented to jurisdiction when they registered to do business in Pennsylvania as foreign corporations. *See* 42 Pa. C.S. § 5301(a) (providing that registration as a foreign corporation in the state "constitute[s] a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over [it]"). The plaintiffs also argue that because Northrop did not exist until 1994, we can exercise jurisdiction over it based on its predecessors' consent to jurisdiction when they registered to do business in Pennsylvania in 1966.[13]

Northrop argues that section 5301 does not provide a sufficient basis for the exercise of general jurisdiction for several reasons. First, it argues that the "consent-by-

---

[13] Pls.' Answer to Northrop's Mot. to Dismiss (Doc. No. 363) at 6, n.3.

7

registration" provision of Pennsylvania's long-arm statute is unconstitutional. Second, it contends that jurisdiction is precluded because neither Northrop nor its alleged predecessors were registered when Kraus was allegedly exposed to its products in Pennsylvania. Finally, it argues that Hallicrafters' and Litton's consent-based jurisdiction does not attach to their successor-in-interest, Northrop.

*Constitutionality of Pennsylvania's Consent-by-Registration Statute*

In order to conduct business in Pennsylvania, foreign corporations are required to register with the Secretary of State. 15 Pa. C.S. §§ 102, 411(a). Pennsylvania's long-arm statute provides that registration as a foreign corporation in the state "constitutes a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such" an entity. 42 Pa. C.S. § 5301(a)(2)(i). The Third Circuit has held that registration by a foreign corporation under this statutory scheme "carries with it consent to be sued in Pennsylvania courts." *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991).

Northrop argues that because this statutory scheme requires out-of-state companies to submit to general jurisdiction as a condition of doing business here, it "coerce[s] consent to personal jurisdiction." It contends that under *Daimler*, "consent-based jurisdiction based on compulsory registration as a foreign corporation in Pennsylvania . . . flies in the face of the Due Process Clause."[14]

Northrop relies on *Sullivan v. A.W. Chesterton, Inc.*, 384 F. Supp. 3d 532 (E.D. Pa. 2019), which concluded that Pennsylvania's consent-by-registration statute is unconstitutional because it violates the Due Process Clause. Because the statutory

---

[14] Northrop's Reply in Support of Mot. to Dismiss (Doc. No. 370) at 4-5.

scheme conditions one's ability to conduct business in Pennsylvania on consenting to general personal jurisdiction, Judge Robreno, in *Sullivan*, found the "mandatory registration scheme" to "impermissibly extract consent" to jurisdiction. *Id.* at 538. Because consent must be "knowing and voluntary" to be valid, he reasoned that the mandatory nature of the consent-by-registration process rendered the consent "functionally involuntary." *Id.* at 542. Without valid consent, he concluded, the exercise of general jurisdiction pursuant to this statutory scheme violates the Due Process Clause. He reasoned that the Third Circuit's holding in *Bane* is "irreconcilable with the teachings of *Daimler*." *Id.* at 543, 545.

Except for *Sullivan* and two Common Pleas court cases,[15] all courts addressing this issue have held that consent-by-registration remains a constitutional basis for personal jurisdiction under current Third Circuit law.[16] We agree with these courts.

---

[15] *See Pennington v U.S. Steel Corp.*, No. 160501092, 2019 WL 4131843, at *2-3 (Pa.Com.Pl. June 27, 2019) (opining that the consent-by-registration statute violates the Due Process Clause and requesting a "clear ruling from the Superior Court" pursuant to Pa. R. App. P. 311(b)(2) on the issue); *Mallory v. Norfolk S. Ry. Co.*, No. 1961, 2018 WL 3025283 (Pa. Com. Pl. May 30, 2018).

[16] *See, e.g.*, *Healthcare Servs. Grp., Inc. v. Moreta*, Civ. A. No. 19-2260, 2019 WL 6117353, at *6 (E.D. Pa. Nov. 15, 2019); *Sciortino v. Jarden, Inc.*, 395 F. Supp. 3d 429, 438 (E.D. Pa. 2019); *Williams v. Takeda Pharm. Am., Inc.*, Civ. A. No. 18-4774, 2019 WL 2615947, at *3 (E.D. Pa. June 26, 2019); *Aetna Inc. v. Kurtzman Carson Consultants, LLC*, Civ. A. No. 18-470, 2019 WL 1440046, at *4–6 (E.D. Pa. Mar. 29, 2019); *Gorton v. Air & Liquid Sys. Corp.*, Civ. A. No. 1:17-1110, 2019 WL 757945, at *5–6 (M.D. Pa. Feb. 20, 2019); *Youse v. Johnson & Johnson*, Civ. A. No. 18-3578, 2019 WL 233884, at *3–4 (E.D. Pa. Jan. 16, 2019); *Shipman v. Aquatherm L.P.*, Civ. A. No. 17-5416, 2018 WL 6300478, at *2 (E.D. Pa. Nov. 28, 2018); *Aetna Inc. v. Mednax, Inc.*, Civ. A. No.18-2217, 2018 WL 5264310, at *4–5 (E.D. Pa. Oct. 23, 2018); *Mendoza v. Electrolux Home Prod., Inc.*, No. 4:17-CV-02028, 2018 WL 3973184, at *3–4 (M.D. Pa. Aug. 20, 2018); *Allstate Ins. Co. v. Electrolux Home Prod.*, No. 5:18-CV-00699, 2018 WL 3707377, at *4-5 (E.D. Pa. Aug. 3, 2018); *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 298 (M.D. Pa. 2018); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, Civ. A. No. 16-665, 2017 WL 3129147, at *11 (E.D. Pa. July 24, 2017); *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 655 (E.D. Pa. 2016). *See also* state appellate court cases: *Webb-Benjamin, LLC v. Int'l Rug Grp., LLC*, 192 A.3d 1133 (Pa. Super. Ct. 2018); *Murray v. American LaFrance, LLC*, 2018 PA Super 267, 2018 WL 4571804 (Pa. Super. Ct. Sept. 25, 2018), *en banc review granted* and Opinion withdrawn, Dec. 7, 2018, oral argument held October 31, 2019.

*Daimler* did not address "the interplay between consent to jurisdiction and the due process limits of general jurisdiction." *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, Civ. A. No. 16-665, 2017 WL 3129147, at *11 (E.D. Pa. July 24, 2017). It mentioned "consent" only to distinguish jurisdiction based on consent from jurisdiction based on a corporation's activities in the forum. *Daimler*, 571 U.S. at 129. The case focused on when corporations may be subject to general jurisdiction based on contacts with the forum, addressing when "continuous and systematic" contacts with a forum rose to the level of making the corporation "at home." *Id.* at 128.

Because *Daimler* did not address whether registration to do business is a sufficient basis for general personal jurisdiction, and neither the Supreme Court nor the Third Circuit have addressed consent-based jurisdiction since *Daimler*, we will apply Third Circuit precedent. Thus, we hold that registration to do business in Pennsylvania constitutes valid consent to jurisdiction.[17]

*Temporal Limit to Pennsylvania's Consent-by-Registration Statute*

Northrop argues that consent jurisdiction based on 42 Pa. C.S. § 5301(a)(2)(i) does not apply because neither it nor its alleged predecessors were registered foreign corporations in Pennsylvania at the time of Kraus's alleged exposure here in 1965. Hallicrafters and Litton did not register until one year after Kraus's alleged exposure in 1966; and Northrop did not register until 1996, more than thirty years later. Northrop argues that it and its predecessors would not have "reasonably anticipated being haled

---

[17] We note that the issue of section 5301(a)(2)(i)'s constitutionality is pending before an *en banc* panel of the Pennsylvania Superior Court, which heard oral argument on October 31, 2019. *See Murray v. American LaFrance, LLC*, Appeal No. 2105 EDA 2016.

into a Pennsylvania court for alleged conduct occurring before" registering. Consequently, they could not have consented to jurisdiction.

The operative date for determining whether consent jurisdiction applies is when the lawsuit is filed. We ask if jurisdiction exists over the defendant at that time. Thus, consent jurisdiction exists over a defendant for causes of action that arose prior to its registration as a foreign company so long as the corporation is registered at the time that the lawsuit is filed. *Webb-Benjamin, LLC v. Int'l Rug Grp., LLC*, 192 A.3d 1133, 1137 (Pa. Super. Ct. 2018); *Sciortino*, 395 F. Supp. 3d at 439.

The only time the exercise of consent jurisdiction is restricted to claims that arose during the period of registration applies to situations in which the corporation's registration had been withdrawn. *See, e.g., Bane*, 925 F.2d at 640-41; *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 310 (W.D. Pa. 2010). In those cases, the court applied 42 Pa. C.S. § 5301(b), which provides that:

> [d]iscontinuance of the acts enumerated in [section 5301](a)(2)(i) and (iii) and (3)(i) and (iii) shall not affect jurisdiction with respect to any act, transaction or omission occurring *during the period such status existed.*

42 Pa. C.S. § 5301(b) (emphasis added).

Under this express temporal limit, if a foreign corporation withdraws its registration to do business in Pennsylvania prior to the filing of the litigation, jurisdiction over the defendant continues, as long as the claims are based on actions or events that occurred while it was registered to do business here. *Id.* § 5301(b). *See Bane*, 925 F.2d at 640-41 (holding that foreign defendant's withdrawal of authorization to do business in Pennsylvania before the lawsuit was filed did not destroy consent jurisdiction because the claims forming the basis of the suit arose while the defendant was registered to do

11

business here); *Enterprise*, 735 F. Supp. 2d at 310 (where foreign defendant both registered to do business in Pennsylvania and withdrew its registration after the lawsuit was filed, there was no basis for consent jurisdiction because the claims arose outside the time period that the defendant was registered).

The *Webb-Benjamin* court has made clear that there is no temporal limit to consent registration in Pennsylvania. It reasoned that because

> [t]he plain language of 42 Pa.C.S.A. § 5301 does not expressly limit jurisdiction to only those events that occur during a foreign [corporation's] registration in Pennsylvania . . ., general personal jurisdiction under [section 5301(a)] does not preclude claims . . . arising from events that occurred prior to registration.

*Webb-Benjamin*, 192 A.3d at 1137. Thus, it held that the section 5301(b) express temporal provision does not apply to section 5301(a) when, like in the present case, there has been no withdrawal of registration. *Webb-Benjamin*, 192 A.3d at 1137 & n.3. *Accord Sciortino*, 395 F. Supp. 3d at 439 (holding that even though defendant shoe manufacturer was not registered to conduct business in Pennsylvania when the plaintiff purchased its allegedly defective shoes, company was subject to consent jurisdiction because it was registered in Pennsylvania at the time the lawsuit was filed).

We adopt the reasoning and holdings of *Sciortino* and *Webb-Benjamin*. There is no temporal limit to consent registration in Pennsylvania. Therefore, because consent jurisdiction applies to causes of action that arose prior to the time Northrop and its predecessors registered, and Northrop was registered at the time this action was filed,

there is general jurisdiction over Northrop based on its registration to do business in Pennsylvania and the consent-by-registration provision.[18]

## Conclusion

The plaintiffs have met their burden of establishing a basis for exercising general personal jurisdiction over Northrop. Therefore, we shall deny Northrop's motion.

---

[18] Because we find that there is general jurisdiction over Northrop, it is unnecessary to address Northrop's argument that general jurisdiction is not transferable from its alleged predecessors-in-interest.